## Wise *v.* White.

[No. 26,363.   Filed December 14, 1934.   Rehearing denied June 10, 1935.]

*Emshwiller & Wiecking,* for appellant.

*Gemmill, Browne & Campbell,* for appellee.

HUGHES, J.—This is an action, as stated by appellant in his brief, brought by Franklin Wise, appellant, against all of the appellees for the purpose of quieting his title to real estate and to obtain an injunction against the enforcement of a judgment rendered against him.

This action involves the Act of the 1933 General Assembly of the State of Indiana, releasing volunteer personal sureties on certain public depository bonds, being Chapter 78 of the published Acts of 1933, p. 488, §61-703, Burns 1933, §13847, Baldwin's 1934.

The Upland State Bank, located in Upland, Grant County, Indiana, was a bank of discount and deposit. In January of 1931, on the occasion of the regular biennial designation of public depositories for various municipal units, this bank filed its proposal to be desig-

nated a depository for the funds of Monroe Township in Grant County, was so designated, and filed its bond in the sum of $20,000.00.

The appellant was a personal surety without compensation on this bond.

The bank closed on August 5, 1932, and a liquidating agent was appointed. Later on the 5th day of December, 1932, the bank was placed in receivership.

At the time of its closing the liability of the bank and its sureties on the bond to Monroe Township, amounted to $9,154.77. On December 19, 1932, the Board of Finance of Monroe Township sued the appellant and the other sureties on this bond in the Grant Circuit Court, resulting on February 16, 1933, in a judgment on the bond in favor of the Board of Finance against the appellant in the sum of $9,154.77 with costs. This judgment was rendered before the passage or taking effect, of the Act releasing appellant's liability.

The Board of Finance caused an execution to issue on this judgment on February 22, 1933, and on March 9, 1933, the sheriff of Grant County served it on the appellant and made a levy on the appellant's lands to satisfy the judgment.

This action was begun by the appellant in the Grant Circuit Court, by the filing of his complaint to quiet title to his land as against the judgment and to enjoin the board of finance from enforcing said judgment, and the sheriff from executing it, and for a declaration that the judgment was null and void, all based upon the release of the defendant from the judgment granted by said Act.

The complaint consisted of one paragraph and relied upon the Act of 1933, releasing volunteer personal sureties on certain public depository bonds, being chapter 78, p. 488.

The appellees filed a demurrer to the complaint which was sustained by the court. The appellant refused to plead further and the court rendered judgment against the appellant.

The error relied upon for a reversal is that the court erred in sustaining the separate and several demurrer of the appellees to the complaint. We deem it unnecessary to set out the complaint of the appellant or the complaint of appellees upon which the judgment was obtained against the appellant. The statement of the nature of the action is sufficient for all practicable purposes.

The constitutionality of the Act of 1933, and all questions raised in the memorandum attached to the demurrer filed against the complaint of appellant were considered fully by this court in the case of *Bolivar Township Board of Finance* v. *Hawkins* (1934), 207 Ind. 171, 191 N. E. 158, and decided adversely to the contention of the appellees in this case. We do not consider it necessary to again consider those questions. We believe that they were correctly decided.

The appellees insist that the appellant has not complied with Rule 21, Clause 6, and Rule 23 of the Revised Rules of the Supreme Court and therefore the error assigned by appellant is waived.

While there is a technical failure to comply with the rules, we do not feel that there is such a failure as would justify this court in saying that the appellant has waived his assignment of error. There is only one error assigned and relied upon for reversal and this is set out plainly in the brief. No one could have been misled as to the question presented.

Judgment reversed.

Fansler, C. J. and Myers, J., not participating.

Treanor, J., dissents.